# EXHIBIT 1

# COMMONWEALTH OF VIRGINIA



CHARLOTTESVILLE CIRCUIT COURT
Civil Division
315 EAST HIGH STREET
CHARLOTTESVILLE VA 22902
(434) 970-3766

Summons

To: Hollins University Corporation,    N         Case No. 540CL21000480-00
Registered Agent: Kerry J Edmonds
Hollins University
8036 Quadrangle
Roanoke, VA 24020

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, July 20, 2022

Clerk of Court: LLEZELLE AGUSTIN DUGGER

by _____
(CLERK/DEPUTY CLERK)

Instructions: REQUEST, INTERROGATORIES, REQUEST FOR DOCUMENTS, REQUEST FOR ADMISSION

Hearing Official:

Attorney's name: DAVIS, CRAIG B
4915 RADFORD AVENUE
SUITE-100
RICHMOND VA 23230

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

SAVANNAH SASSER, )
)
Plaintiff, )
)
v. ) Case No.: CL21-480
)
HOLLINS UNIVERSITY CORPORATION, )
a Virginia Corporation )
d/b/a Hollins University )
)
and )
)
FAITH HOGGE, )
)
Defendants. )

## COMPLAINT

COMES NOW the plaintiff, Savannah Sasser, and for her Complaint against Hollins University Corporation and Faith Hogge, jointly and severally, states as follows:

### PARTIES

1. The plaintiff is Savannah Sasser ("Savannah" or "Plaintiff"), whose date of birth is August 7, 1998.

2. The defendant, Hollins University Corporation ("Hollins Corp."), is a Virginia Corporation, which governs and operates a female-only university ("Hollins University") in Roanoke, Virginia (referred to collectively herein as "Hollins").

3. The defendant, Faith Hogge ("Faith"), is a resident of Virginia.

4. At all times relevant hereto, Savannah and Faith were both students at Hollins University.

FILED
10/4/21 2:18 pm
(Date & Time)
City of Charlottesville
Circuit Court Clerk's Office
Llezelle A. Dugger, Clerk
By Anita Spivey
Deputy Clerk

## THE INCIDENT

5. Savannah was severely injured in the Lisbon, Portugal airport on October 7, 2019.

6. During the Fall of 2019, Plaintiff Savannah and Defendant Faith both participated in "Hollins Abroad-London," which was a study-abroad program supervised and administered by Hollins.

7. Hollins staff assured Savannah and her mother that the Hollins staff in London would take good care of Savannah and make sure that she returned home safely.

8. Between October 4 and October 6, 2019, as part of the Hollins Abroad-London program, Savannah and Faith participated in a weekend educational excursion to Lisbon, Portugal, which was supervised and administered by Hollins through its employees, including Nick Hugh.

9. Nick Hugh was the Director of the Hollins Abroad-London program, an employee and agent of Hollins, and at all times relevant hereto, was acting within the scope of his agency and employment with Hollins.

10. On the morning of October 7, 2019, Savannah and Faith, along with other participants in the Hollins Abroad-London program, were at the airport in Lisbon, Portugal, preparing to return to London.

11. Nick Hugh instructed the students to pair up in a "buddy system," and he assigned Savannah and Faith as "buddies" for their time at the Lisbon airport.

12. Faith had a history of volatile behavior (including in prior group-transportation scenarios), resulting in physically aggressive actions toward other students.

13. Hollins employees, including Nick Hugh, were aware of Faith's previous outbursts and physically aggressive behavior, but took no steps to protect the other students (including Savannah) from Faith or otherwise mitigate or remediate Faith's behavior.

14. Nick Hugh was specifically aware of outbursts by Faith during the October 4-6, 2019 trip to Portugal, but wrote it off as "girl drama" and informed the students, including Savannah, that he did not want to hear about any more girl drama.

15. As Savannah and Faith were walking quickly toward their gate to catch their flight back to London, Faith became agitated and insisted that they start running.

16. Savannah told Faith they had plenty of time, and continued to walk quickly through the Lisbon airport, toward their gate.

17. In an apparent attempt to force Savannah to run, Faith suddenly grabbed the straps of Savannah's backpack, pulling her to the ground, causing Savannah to hit the ground with tremendous force, resulting in severe injuries to Savannah.

18. Hollins was aware of at least one previous incident in London where Faith similarly pulled another person down by the straps of her backpack while riding on public transportation.

19. Although Hollins was aware of Faith's prior outbursts and physically aggressive and dangerous behavior toward other students, Hollins took no measures to mitigate or remediate Faith's behavior; it took no measures to protect other students (including Savannah) from Faith; and it instead actively placed Faith in close proximity to other students (including Savannah) in situations (including travel through the Lisbon airport on October 7, 2019) that Hollins knew, or should have known, would likely trigger further outbursts and physically aggressive behavior by Faith.

3

## Applicable Law

20. Under Virginia's choice-of-law rules, because Savannah's injury occurred in Lisbon, Portugal, and the event that gave rise to Savannah's cause of action against Faith and Hollins occurred in Lisbon, Portugal, Virginia's procedural law and Portuguese substantive tort law applies to this case.

21. Under Article 483 of the Civil Code of Portugal, "Whoever, with intent or negligence, illicitly violates the rights of any person or any legal provision designed to protect the interests of others is liable before them for damages resulting from that violation."

## Legal Claims Against Hollins and Faith Hogge Under Portuguese Tort Law

22. Faith negligently violated Savannah's rights by forcefully pulling her to the ground, thereby severely injuring her.

23. Alternatively, Faith intentionally violated Savannah's rights by forcefully pulling her to the ground, thereby severely injuring her.

24. Hollins negligently violated Savannah's rights by actively placing Faith in close proximity to Savannah, in circumstances that it knew were likely to trigger further physically aggressive and dangerous behavior on the part of Faith, and in failing to mitigate or remediate Faith's previous aggressive and dangerous behavior.

25. Savannah's injuries would not have occurred were it not for Faith's act of pulling Savannah to the ground, and Savannah's injuries were the natural and foreseeable result of such an act, making Faith's actions a proximate cause of Savannah's injuries.

26. Savannah's injuries would not have occurred were it not for Hollins' negligence in placing Savannah and Faith together and failing to mitigate or remediate Faith's aggressive

4

and dangerous behavior, and both Faith's actions on October 7, 2019 and Savannah's resulting injuries were the natural and foreseeable result of Hollins' negligent actions, making those actions a proximate cause of Savannah's injuries.

27. As a direct and proximate result of the negligence of Hollins and the negligence or intentional acts of Faith, Savannah was pulled forcefully to the ground on October 7, 2019 and suffered the following damages: bodily injuries; physical pain and mental anguish, past, present and that which he may be reasonably expected to suffer in the future; lost earnings, future lost earnings, and loss of earning capacity; medical expenses and future medical and life care expenses; deformity, disfigurement and associated humiliation and/or embarrassment; inconvenience which he has suffered and that which he may be reasonably expected to suffer in the future, and has otherwise been damaged.

28. Plaintiff demands trial by jury.

29. Plaintiff reserves the right to amend these pleadings as necessitated by discovery.

WHEREFORE, the Plaintiff, Savannah Sasser, respectfully prays for judgment and an award of execution against all defendants, jointly and/or severally, in the sum of $10,000,000.00 in compensatory damages, and interest from the date of the incident, pursuant to Virginia Code Section 8.01-382, costs, and if applicable, attorneys' fees, and for such further relief as is necessary and proper.

SAVANNAH SASSER

By Counsel

Craig B. Davis, Esquire (V.S.B. No. 38471)
Brooke Taylor, Esquire (V.S.B. No. 89624)
REINHARDT | HARPER | DAVIS, PLC
4915 Radford Avenue, Suite 100
Richmond, Virginia 23230
804.359.5500 (Main Line)
804.359-5555 (Fax)
craig@vacomplaw.com
brooke@vacomplaw.com


Elliott M. Buckner, Esq. (V.S.B. #45227)
M. Scott Bucci, Esq. (V.S.B. #42636)
Jeffrey N. Stedman, Esq. (V.S.B. #84496)
Joseph L. Cantor, Esq. (V.S.B. #92145)
**Breit Cantor Grana Buckner, PLLC**
7130 Glen Forest Drive, Suite 400
Richmond, Virginia  23226
Telephone:  (804) 644-1400
Facsimile: (804) 644-9205
ebuckner@breitcantor.com
sbucci@breitcantor.com
jstedman@breitcantor.com
jcantor@breitcantor.com

*COUNSEL FOR PLAINTIFF*